108 F.3d 1384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Adelia Santos ANDRADE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70129.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1997.*
Decided March 11, 1997.
 
 Before: FARRIS, KOZINSKI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 While performing missionary work in a Phillipine prison, petitioner Adelia Santos Andrade came in contact with members of the New People's Army (the militant arm of that country's communist party). Eventually, NPA members asked her to smuggle ammunition to them in prison. When she refused, she claims, she was targeted for death by the NPA. The INS acknowledges that she received a letter marking her for assassination. Br. of Respondent at 6.
 
 
 3
 The IJ denied her request for asylum and withholding of deportation on the ground that she lacked credibility. She did not appeal this finding to the BIA, but the BIA did not rely on it. Rather, the BIA, affirming the IJ's decision, found that petitioner had not established fear of persecution stemming from any of the statutory grounds (e.g., religious beliefs or political opinion).
 
 
 4
 Petitioner appeals. She argues that the evidence clearly established persecution on account of actual or imputed political opinion or of religion. However, her argument is foreclosed by INS v. Elias-Zacarias, 502 U.S. 478, 482-84 (1992), in which the Court held that punishment for failure to cooperate with a dissident group is not in itself persecution. Petitioner must show that she was targeted because of her beliefs or imputed beliefs, not merely because of her refusal to aid her tormentors. This she has failed to do. See Sangha v. INS, No. 95-70427, 1997 WL 6086, at * 3 (9th Cir. Jan. 9, 1997) (noting that "[a] number of our asylum cases decided before 1992 broadly defining persecution on account of political opinion, based on the political opinion of the persecutors, have been weakened by Elias-Zacarias.") (emphasis added).
 
 
 5
 Petitioner also claims that she was deprived of due process by the IJ. Her claim that she was disadvantaged by the absence of a Tagalog interpreter is frivolous. A graduate of an English-language university, she had a colloquy with the judge about her fluency in English. See Administrative Record at 49-50. She also cites the judge's tough questioning of her and his decision to limit her testimony as proof of bias. There is no evidence that the IJ abused his discretion.
 
 
 6
 DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3